United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. |
|  | ) | 13-10107-NMG |
| **ALFRED PILIKA and VALERIE PILIKA,** | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**GORTON, J.**

On June 23, 2014, this Court entered summary judgment in favor of the government and against defendants Alfred and Valerie Pilika ("the Pilikas") on the claim that the Pilikas "illegally procured" their United States citizenship in violation of 8 U.S.C. § 1451(a). In its ruling, the Court explained that the Pilikas had "failed to comply strictly with all congressionally imposed prerequisites of citizenship", Fedorenko v. United States, 449 U.S. 490, 505 (1981), because in absentia removal orders stemming from their fabricated application for asylum in 1999 made them ineligible to adjust to permanent residence status, a prerequisite to naturalization.

Defendants moved on July 18, 2014 for 1) an order amending and altering that judgment and 2) a stay of the order revoking and cancelling their citizenship. The Court allowed the motion

-1-

to stay pending the resolution of the motion to amend and alter the judgment, which has been opposed by the government and is ripe for consideration by this Court.

## I. Motion to Alter or Amend the Order of June 23, 2014

Defendants contend that the June 23, 2014 Order revoking their naturalization was based on clear errors of law and move to alter or amend it under Fed. R. Civ. P. 59(e). That rule provides a district court with the opportunity to correct its own errors by "direct[ing] [its] attention to newly discovered material evidence or a manifest error of law or fact." Aybar v. Crispin-Reyes, 118 F.3d 10, 15 (1st Cir. 1997). The motion must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e).

The Pilikas maintain that the decision to revoke their naturalization was premised on a misunderstanding of the law with respect to in absentia orders of removal. Specifically, they challenge the following findings of law:

> The fact that the Pilikas likely never received the notice of their deportation hearing and order of removal is irrelevant under the governing statute. The letters were mailed to the address provided on the Form I-589 Application for Asylum and that mailing sufficed to provide notice under 8 U.S.C. § 1229(c). It is no defense to assert that that notice was defective because it was sent to a false address. Moreover, Mr. Pilika signed a document that indicated that he understood that his family was required to return to the asylum office on September 9, 1999, to receive the results of his application, and yet he and Mrs. Pilika did not appear on that date.

June 23, 2014 Memorandum and Order, p. 10.

Defendants contend that the Court erred in concluding that the lack of evidence of actual notice was irrelevant. They posit for the first time in this litigation that Board of Immigration Appeals ("BIA") precedent makes it clear that individuals cannot be ordered removed in absentia unless they are warned, by receipt of a notice to appear or an order to show cause, that they could be ordered removed in absentia if they fail to inform the government of a change in address. Defendants rely on a 2001 BIA opinion, In re G.Y.R., 23 I&N Dec. 181 (BIA 2001), for that proposition.

Defendants' reliance on In re G.Y.R. is misplaced. As an initial matter, defendants have not moved to reopen the removal proceedings before the Immigration Court and instead seek to challenge the order collaterally in this Court. Even if this Court has jurisdiction to consider the issue, moreover, In re G.Y.R. does not control the outcome. In re G.Y.R. announces a general rule that an alien who has not received actual notice of the consequences of failure to appear at an immigration hearing cannot be removed in absentia for failing to appear at the hearing. Id. at 190. In the same case, however, the BIA conceded that an alien could be charged with constructive receipt of the Notice to Appear if, for instance, notice reaches

the correct address but does not reach the alien "through some failure in the internal workings of the household." Id. at 189. The Court finds that it is appropriate to charge an alien who provides a false address with constructive receipt of that notice under Section 239(a)(1)(F) of the Immigration and Naturalization Act, 8 U.S.C. § 1229(a)(1)(F).

### ORDER

For the foregoing reasons, the Motion to Alter and Amend Judgment (Docket No. 52) is **DENIED** and the stay pending resolution of that motion is lifted.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 15, 2014